UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIE R. ARTHUR II, | : | Case No. 1:05-cv-707 |
| Plaintiff, | : | Beckwith, C.J. |
| | : | Black, M.J. |
| vs. | : | |
| MARTI J. DONINI, *et al.*, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE COMPLAINT BE DISMISSED FOR LACK OF PROSECUTION; (2)DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 15) BE DENIED AS MOOT; AND (3) THIS CASE BE CLOSED**

Plaintiff Willie R. Arthur II initiated this action on November 1, 2005 by filing a motion for leave to proceed *in forma pauperis* and tendering a complaint against numerous defendants including Scioto County, Ohio jail employees and the Southern Ohio Medical Center.  (*See* Docs. 1, 3.)   Although the motion for leave to proceed *in forma pauperis* was granted and the complaint was filed, the Court *sua sponte* dismissed claims against certain defendants and ordered that this case would go forward only as against the following defendants:  the Scioto County Jail Medical Doctor of April 2005, Scioto County Sheriff's Jail Commander Dave Hall, Scioto County Sheriff's Jail  Sgt. Malone, and Scioto County Jail Deputies John Does 1-4.  (*See* Doc. 4.)

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

On May 4, 2006, defendants Dave Hall and Sgt. Malone filed a motion for summary judgment. (Doc. 15.) Plaintiff did not respond to the motion.

On June 7, 2006, the Court ordered Plaintiff to show cause within fifteen days of the date of the Order why Defendant's motion should not be construed as unopposed and granted. (Doc. 17.) Plaintiff did not respond to the Order to Show Cause.

On November 6, 2006, the Court issued a Second Show Cause Order (Doc. 18) directing Plaintiff to show cause, within fifteen days of the date of the Order, why this Court should not dismiss this case for lack of prosecution. (*Id.*) Although more than fifteen days have passed, Plaintiff has not responded to the Court's Second Show Cause Order.

An action is subject to dismissal for want of prosecution where the *pro se* litigant fails to comply with the Court's orders or engages in a clear pattern of delay. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). *See also Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) (district courts have the inherent power to dismiss sua sponte for lack of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

Although the Court prefers to adjudicate cases on their merits, Plaintiff has engaged in a clear pattern of delay by failing to respond to the motion for summary judgment or to either of the Court's Orders to Show Cause. Plaintiff's clear pattern of delay warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *See Link*, 370 U.S. at 630-31 (1962); *Jourdan*, 951 F.2d at 110.

-2-

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice for lack of prosecution;

2. Defendants' Motion for Summary Judgment (Doc. 15) be **DENIED AS MOOT**; and

3. This case be **CLOSED.**

It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


Date:   November 29, 2006              s/Timothy S. Black
                                       Timothy S. Black
                                       United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIE R. ARTHUR II, | : | Case No. 1:05-cv-707 |
| | : | |
| Plaintiff, | : | Beckwith, C.J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| | : | |
| MARTI J. DONINI, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **FIFTEEN DAYS** after the date of entry of this Report and Recommendation.  This period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).